## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SOVEREIGN MILITARY HOSPITALLER
ORDER OF SAINT JOHN OF JERUSALEM
OF RHODES AND OF MALTA,

Plaintiff,

- against -

PETROS IOSSIF, alias Prince Peter Iossif de
Lemessos;   and   NORTH   AMERICAN
FOUNDATION OF THE ECUMENICAL
HOSPITALLER ORDER OF ST. JOHN
KNIGHTS OF MALTA,

Defendants.

_____

## COMPLAINT

Plaintiff, Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and

of Malta ("Plaintiff" or "Order"), for its complaint against Defendant Petros Iossif, alias Prince

Peter Iossif de Lemessos ("Iossif"), and Defendant North American Foundation of the

Ecumenical Hospitaller Order of St. John Knights of Malta, alias "Ecumenical Hospitaller Order

of St. John Knights of Malta" ("Foundation"), alleges upon personal knowledge for its own acts

and upon information and belief with respect to all other matters, as follows:

1.       This is an action for willful infringement of federally registered service marks,

false designation of origin, and unfair competition. Iossif and Foundation have been soliciting

funds and charitable contributions from the public in the name of Plaintiff and using Plaintiff's

registered service marks and facsimiles thereof without Plaintiff's consent.

**PLAINTIFF**

2.      Plaintiff was founded in the eleventh century in Jerusalem to care for poor and sick pilgrims in the Holy Land.  Plaintiff has also been known for hundreds of years and is known today as, *inter alia*, the "Hospitallers of St. John of Jerusalem," the "Order of St. John of Jerusalem," the "Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta," and the "Order of Malta." Plaintiff and its members are identified by the Maltese Cross on Shield Design depicted in <u>Exhibit 1</u> to this Complaint and especially as the "Knights of Malta."

3.      <u>Brief History of the Knights of Malta</u>

(a)      In the 11th century, the Order was founded in Jerusalem as a monastic community known as the Hospitallers of St. John of Jerusalem, led by Blessed Gerard. The Hospitallers of St. John of Jerusalem cared for pilgrims to Jerusalem without regard to race or religion. In 1113, Pope Pascal II recognized its existence and approved the rule of the Order. With the responsibilities of military defense of pilgrims in Christian territories, the Order evolved into a military, nobiliary, lay and religious Christian order in the 12th Century.

(b)      In the early fourteenth century, the Order became a sovereign subject of international law on the Island of Rhodes, where its headquarters remained until 1523, when the Turks occupied Rhodes and the knights fled.

(c)      In 1530, the Order acquired the Island of Malta, and the knights became known as the "Knights of Malta." In 1565, the Order successfully defended the Island of Malta from invasion by the Turks and continued to rule there until 1798, when Napoleon invaded Malta.  After Napoleon was overthrown, the Island of Malta became a British colony and the Knights of Malta were not allowed to return to

Malta. The Order of Malta continued its diplomatic and relief work after the loss of Malta and settled permanently in Rome in 1834.

(d)    The eight-pointed white cross depicted in <u>Exhibit 1</u> was developed and has been used by the Order of Malta as its primary symbol for over 500 years and is known as "The Maltese Cross".

(e)    The Hospitaller mission of service to the poor and the sick is the Order's primary activity, serving the needs of all faiths and nationalities.

(f)    Worldwide over 13,000 Knights and Dames (male and female members respectively), 80,000 volunteers, and 15,000 doctors, nurses and healthcare professionals working in more than 200 hospitals, emergency relief and ambulance corps serve and provide care annually for millions of persons in more than 100 countries.

(g)    In 1926, an American Association of the Order was established in New York, followed by the establishment of the Western Association in 1953 in San Francisco and the Federal Association in 1974 in Washington, DC.  Today there are over 3,000 Knights and Dames serving the poor and the sick in the United States. These associations are authorized licensees of Plaintiff in the United States.

4.    Plaintiff is recognized as a sovereign subject of international law and maintains formal diplomatic relations with over 100 countries.  It holds a seat as a Permanent Observer at the United Nations and is a member of the United Nations Educational, Scientific and Cultural Organization (UNESCO), the Office of the United Nations High Commissioner for Refugees (UNHCR), the Office of the United Nations High Commissioner for Human Rights (OHCHR), the United Nations Industrial Development Organization (UNIDO), the International Atomic

Energy Agency (IAEA), the World Health Organization (WHO), and the World Food Program (WFP). It also has delegations or representations to other international organizations, including the European Community, the Council of Europe in Strasbourg, France, the Inter-American Development Bank (IDB) in Washington, D.C., the International Institute of Humanitarian Law in Geneva, Switzerland, the International Institute for the Unification of Private Law (UNIDROIT) in Rome, Italy, the International Committee of Military Medicine (ICMM) in Brussels, Belgium, the International Federation of Red Cross and Red Crescent Societies of Geneva, the International Committee of the Red Cross (ICRC) in Geneva, the International Organization for Migration (IOM) in Geneva, and the Union Latina in Santo Domingo, Dominican Republic and Paris, France.

5.      Plaintiff's principal place of business, which has extraterritorial status by agreement with the Italian Republic, is located at Via Condotti 68, in Rome, Italy.

### DEFENDANTS

6.      From time to time, persons and entities with no affiliation with Plaintiff attempt to trade on the Order's name and service marks to solicit funds through fraud.

7.      Defendant Iossif, a Greek citizen residing in Rome, Italy, has visited Pennsylvania and has solicited charitable donations as the purported "Sovereign Prince effective Grand Master of Ecumenical Hospital Order of Saint John – Knights of Malta." Defendant Iossif claims to be a Knight of Malta and the Grand Master of Knights of Malta, but in fact he has no connection with the Order of Malta and lacks any authority to use those names or otherwise to hold itself out as being in any way affiliated with or authorized by Plaintiff.

8.      Defendant Foundation is located at 6 Hilloch Lane, Chadds Ford, PA 19317 and 101 North Pointe Boulevard, Suite 204, Lancaster, PA 17601. Defendant Foundation solicits

funds under the name "Ecumenical Hospitaller Order of St. John Knights of Malta", but Defendant has no affiliation with Plaintiff and lacks any authority to use that name or otherwise to hold itself out as being affiliated with or authorized by Plaintiff.

## JURISDICTION AND VENUE

9. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that this action alleges federal service mark infringement, false designation of origin under 15 U.S.C. § 1125(a) and State unfair competition. The court also has supplemental jurisdiction over the state law claim asserted herein under 28 U.S.C. § 1367(a). Personal jurisdiction and venue are proper in this Judicial District. Defendant Foundation resides in this District, and Defendant Iossif regularly visits this District to transact business in violation of Plaintiff's rights. Both Defendants transact business in this District, which has given rise to the claims alleged in this Complaint.

## BACKGROUND FACTS

10. Plaintiff has members residing in this Judicial District who are devoted to serving the poor and sick and to supporting local, national and international charitable activities in this Judicial District.

11. Consistent with its 900-year tradition, Plaintiff operates and financially supports health clinics and services for the poor and sick in this Judicial District and elsewhere in the United States.

12. Plaintiff has used in commerce and owns the following U.S. registered service marks, among others, for charitable services provided to the poor and sick and charitable fund raising services for them:

    A. MALTESE CROSS ON SHIELD (design mark), Registration No. 2,799,898 (*see* Exhibit 1 hereto);

    B.      KNIGHTS OF MALTA, Registration No. 2,783,934 (*see* Exhibit 2 hereto);

    C.      SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, Registration No. 2,783,933 (*see* Exhibit 3 hereto);

    D.      HOSPITALLERS OF ST. JOHN OF JERUSALEM, Registration No. 2,915,824 (*see* Exhibit 4 hereto); and

    E.      ORDER OF ST. JOHN OF JERUSALEM, Registration No. 3,056,803 (*see* Exhibit 5 hereto).

The foregoing registered service marks (the "Marks") are associated with Plaintiff by reason of their longstanding use by Plaintiff and its authorized licensees to promote Plaintiff's services.

13.    Defendants claim to be affiliated with a religious order founded in Jerusalem to support the poor and sick and are using the marks "Knights of Malta," "Hospitaller Order of St. John" and a Maltese Cross design (the "Infringing Marks"). Defendants' use of the Infringing Marks is likely to cause members of the public to believe that Defendants are affiliated with or endorsed by Plaintiff when they are not.

14.    Defendants have not obtained permission from Plaintiff to display, use or advertise the Infringing Marks or to claim any affiliation or connection with Plaintiff for any purpose.

15.    Defendants have willfully and intentionally used the Infringing Marks to solicit substantial funds and charitable contributions from unwitting members of the public, causing them to contribute funds to what they were led to believe were charitable causes sponsored by Plaintiff.

16.    Plaintiff has demanded that Defendants cease and desist from further use or display of the Infringing Marks and other references to Plaintiff. Defendants have refused to comply.

## FIRST COUNT
### (Violation of Section 32 of the Lanham Act,
### 15 U.S.C. § 1114)

17.     Plaintiff repeats and realleges herein the allegations of paragraphs 1-16 of this Complaint.

18.     Defendants' unauthorized use of the Infringing Marks infringes Plaintiff's rights and is likely to cause confusion as to the origin of the services offered by Defendants and their supposed association with or endorsement by Plaintiff.

19.     Defendants' acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20.     Defendants' acts have damaged Plaintiff.

21.     Unless restrained and enjoined, Defendants' conduct has caused, and will continue to cause Plaintiff great and irreparable harm.  Plaintiff does not have an adequate remedy of law.

22.     Defendants have deliberately and willfully infringed Plaintiff's rights, thereby entitling Plaintiff to recover its reasonable attorneys' fees and costs as an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND COUNT
### (Violation of Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a))

23.     Plaintiff repeats and realleges herein the allegations of paragraphs 1-16 of this Complaint.

24.     Defendants' use of the Infringing Marks and their false historical claims that mimic Plaintiff's history, constitute false designation of origin in violation of Plaintiff's rights. Defendants' conduct creates a likelihood of confusion with Plaintiff as to the origin and affiliation of Defendants and the sponsorship of their fund-raising activities.

25.     Defendants' acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

- 7 -